```
                 UNITED STATES DISTRICT COURT
                   DISTRICT OF CONNECTICUT

MARK CHYLINSKI,                    :
                                   :
     Plaintiff,                    :
                                   :
     v.                            :     CASE NO. 3:08-CV-1231(RNC)
                                   :
MARTIN ROSOL'S INC., ET AL.        :
                                   :
     Defendants.                   :
```

RECOMMENDED RULING ON MOTION TO DISMISS

The *pro se* plaintiff, Mark Chylinski, has sued his former employer, Martin Rosol's, Inc., and a number of individual defendants for alleged employment discrimination and retaliation. Pending before the court is the defendants' Motion to Dismiss, doc. #27.

The complaint alleges that the defendants took adverse employment actions, including firing the plaintiff, based on his national origin and/or in retaliation for "voicing my opposition to workplace misconduct." (Doc. #1.) The complaint alleges that the alleged discrimination occurred in November and December 2006.[1] These are the only factual allegations about the events underlying plaintiff's claims.

Plaintiff alleges that he filed charges with the Equal Employment Opportunity Commission ("EEOC") and the Connecticut Commission on Human Rights and Opportunities ("CHRO") and that

---

[1]The complaint alleges that plaintiff was terminated on December 16, 2008. The complaint was filed on August 12, 2008, however, so that date appears to be erroneous.

the "CHRO Final Action was arbitrary and capricious."  Plaintiff brings claims under Title VII and under two separate Connecticut statutes: Conn. Gen. Stat. §46a-60(a)(1), which is part of the Connecticut Fair Employment Practices Act ("CFEPA"), and Conn. Gen. Stat. 46a-58(a).

The pending Motion to Dismiss is the second such motion filed by the defendants.  In response to the defendants' first Motion to Dismiss, the plaintiff filed an objection with several exhibits, including what appears to be an EEOC Notice of Right to Sue dated September 10, 2008.  (Pl's Opp., doc. #12, Ex. 1.)

At oral argument on the defendant's first Motion to Dismiss, the plaintiff requested, and was granted, an opportunity to amend his complaint.  The court explained to the *pro se* plaintiff at the oral argument how to file a motion to amend and informed him that the amended complaint should set forth the facts underlying his claim.  After the hearing, the court entered an order that "[t]he plaintiff shall file a Motion to Amend, attaching thereto his proposed Amended Complaint, on or before 8/18/09."  (Doc. #21.)  In the meantime, the court denied the defendants' First Motion to Dismiss without prejudice to renewal or refiling. (Doc. #24.)  The plaintiff never submitted a proposed amended complaint.[2]

---

[2]The deadline for plaintiff's amendment was twice extended, once *sua sponte* and once at plaintiff's request.  On August 19, 2009, plaintiff filed a Motion to Amend, doc. #22, but no proposed

The defendants then filed the pending second Motion to Dismiss, incorporating by reference the arguments from their first Motion to Dismiss.  The plaintiff has not responded to the new motion; as noted above, he did file an objection to the First Motion to Dismiss.  In view of plaintiff's *pro se* status, the court now considers his earlier objections and oral argument made at the hearing on the First Motion to Dismiss.

The defendants argue that the plaintiff's complaint should be dismissed because (1) there is no private cause of action under Conn. Gen. Stat. 46a-58(a); (2) there is no individual liability under the other statutes at issue; (3) plaintiff has failed to allege sufficient facts to meet the pleading requirements of Fed. R. Civ. P. 8; and (4) the plaintiff fails to sufficiently allege exhaustion of administrative remedies as to the corporate defendant.[3]

---

amended complaint was attached.  In denying the motion, the court instructed plaintiff that he "must draft an amended complaint which includes the changes he wishes to make, sign it, and file the entire proposed Amended Complaint as an exhibit to his motion to amend." (Doc. #24.)  Plaintiff was given a September 4, 2009 deadline to comply.  (Id.).  Plaintiff subsequently filed a motion for extension of time until September 8, which was granted.  (Docs. #26, 30.) Plaintiff never filed his motion to amend.

[3]To the extent the defendants also argue that plaintiff's case should be dismissed for failure to prosecute or for failure to comply with a court order, the court is unpersuaded.  Plaintiff failed to take advantage of an opportunity that the court gave him to cure the deficiencies in his complaint, but that failure on its own does not warrant dismissal.

II.   <u>Standard of Review</u>

The court may dismiss a claim under Federal Rule of Civil Procedure 12(b)(6) only if the plaintiff's factual allegations are not sufficient "to state a claim to relief that is plausible on its face." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007).  "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." <u>Ashcroft v. Iqbal</u>, __ U.S. __, 129 S. Ct. 1937, 1949 (2009).  The court must accept all factual allegations in the complaint as true and draw all reasonable inferences from those allegations in the plaintiff's favor. <u>Jaghory v. New York State Dept. Of Educ.</u>, 131 F.3d 326, 329 (2d Cir. 1997); <u>Raila v. United States</u>, 355 F.3d 118, 119 (2d Cir. 2004).  A claim is properly dismissed for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) when the court lacks the statutory or constitutional power to adjudicate the claim. <u>Nowak v. Ironworkers Local 6 Pension Fund</u>, 81 F.3d 1182, 1187 (2d Cir. 1996).

Where the plaintiff is proceeding *pro se*, his submissions "must be held to less stringent standards than formal pleadings drafted by lawyers." <u>Hughes v. Rowe</u>, 449 U.S. 5, 10 n.7 (1980)(internal citations and quotation marks omitted).  His pleadings "must be read liberally and interpreted to raise the strongest arguments that they suggest." <u>Graham v. Henderson</u>, 89

F.3d 75, 79 (2d Cir. 1996). If a liberal reading of the complaint gives any indication that a valid claim might be stated, the court must grant the plaintiff leave to amend the complaint rather than dismissing it. Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000); see also Doriss v. City of New Haven, NO. 3:05-CV-668 (RNC), 2006 U.S. Dist. LEXIS 59920, *27-28 (D. Conn. Aug. 24, 2006)(dismissing claims without prejudice where it was possible that the *pro se* plaintiff could amend the complaint to allege valid claims).

III. Analysis

The plaintiff brings claims under Title VII, 42 U.S.C. 2000e, *et seq.,* under Connecticut's employment discrimination statute, Conn. Gen. Stat. §46a-60, and under a more general state anti-discrimination provision, Conn. Gen. Stat. §46a-58(a).

The defendants first move to dismiss that portion of plaintiff's complaint which purports to state a claim under section 46a-58(a) of the Connecticut General Statutes.[4] As the defendants note, courts have uniformly held that there is no private cause of action under that statute. Alungbe v. Bd. of

---

[4]Conn. Gen. Stat. §46a-58(a) provides that "It shall be a discriminatory practice in violation of this section for any person to subject, or cause to be subjected, any other person to the deprivation of any rights, privileges or immunities, secured or protected by the Constitution or laws of this state or of the United States, on account of religion, national origin, alienage, color, race, sex, sexual orientation, blindness or physical disability."

Trs., 283 F. Supp. 2d 674, 687 (D. Conn. 2003); Page v. Conn. Dep't of Pub. Safety, 185 F. Supp. 2d 149, 159 (D. Conn. 2002); Garcia v. Saint Mary's Hosp., 46 F. Supp. 2d 140, 142 (D. Conn. 1999) (holding that claims under this section may only be pursued through the CHRO's administrative procedures).  The plaintiff's claim under 46a-58(a) should therefore be dismissed.[5]

Next, the defendants move to dismiss all remaining claims against the individual defendants, because neither Title VII nor the CFEPA, Conn. Gen. Stat. § 46a-60(a)(1), provide for individual liability.  It is well-settled in the Second Circuit that "individuals are not subject to liability under Title VII." Wrighten v. Glowski, 232 F.3d 119, 120 (2d Cir. 2000), citing Tomka v. Seiler Corp., 66 F.3d 1295, 1313 (2d Cir. 1995).  See also Gregory v. Daly, 243 F.3d 687, 689 n.1 (2d Cir. 2001). Thus, the only proper defendant under Title VII is the plaintiff's employer, Martin Rosol's, Inc.  Similarly, there is no individual liability under the CFEPA, Conn. Gen. Stat. § 46a-60(a)(1).  Perodeau v. City of Hartford, 259 Conn. 729, 744 (2002).[6]  Therefore, plaintiff's claims against the individual

---

[5]The Connecticut Supreme Court has held that "46a-58(a) does not encompass claims of discriminatory employment practices that fall within the purview of § 46a-60" because "the specific, narrowly tailored cause of action embodied in § 46a-60 supersedes the general cause of action embodied in § 46a-58(a)." Commission on Human Rights & Opportunities v. Truelove & Maclean, 238 Conn. 337, 346 (Conn. 1996).

[6]Although other sections of the CFEPA provide for individual liability in certain circumstances, see Perodeau, 259 Conn. at 737-

defendants should be dismissed.

Finally, the defendants move to dismiss for failure to comply with the pleadings requirements set forth in Fed. R. Civ. P. 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief."  "[W]hile a complaint need not contain specific facts establishing a prima facie case of employment discrimination to overcome a Rule 12(b)(6) motion, the claim must be facially plausible, and must give fair notice to the defendants of the basis for the claim." Quinones v. Kohler Mix Specialties, LLC, No. 3:09-CV-1979(JCH), 2010 U.S. Dist. LEXIS 42779, *8-9 (D. Conn. Apr. 30, 2010)(internal citation and quotation marks omitted) (discussing Swierkiewicz v. Sorema N.A., 534 U.S. 506 (2002) and Ashcroft v. Iqbal, __ U.S. __, 129 S. Ct. 1937 (2009)).  See also Morales v. Long Island Rail Rd. Co., No. 09 CV 8714 (HB), 2010 U.S. Dist. LEXIS 47926, *6-7 (S.D.N.Y. May 14, 2010); Barbosa v. Continuum Health Partners, Inc., No. 09 Civ. 6572(SAS), 2010 WL 768888, *3 (S.D.N.Y. March 8, 2010); Gillman v. Inner City Broad. Corp., No. 08 Civ. 8909 (LAP), 2009 U.S. Dist. LEXIS 85479 (S.D.N.Y. Sept. 18, 2009); Ercole v. Lahood, No. 07-CV-2049(JFB)(AKT), 2010 U.S. Dist. LEXIS 30908, *14 (E.D.N.Y. Mar. 30, 2010).

The plaintiff's complaint does not meet this standard.

---

38, the plaintiff has not alleged any facts that would bring his claims against the individual defendants within those sections.

Plaintiff alleges, in the most general of terms, that the defendant discriminated against him based on his national origin and retaliated against him for voicing opposition to workplace misconduct.  The complaint includes no allegations whatsoever about the facts or events underlying plaintiff's claim.  In the absence of even the barest allegations as to what happened, the plaintiff has failed "to state a claim to relief that is plausible on its face," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007), and the complaint fails to put the defendants on notice as to the claims against which they must defend.  Accordingly, the complaint should be dismissed for failure to comply with Fed. R. Civ. P. 8(a).[7]

V.  Conclusion

For all the foregoing reasons, the court recommends that the defendants' Motion to Dismiss, doc. #27, be granted, and the plaintiff's complaint should be dismissed in its entirety.  The dismissal should be with prejudice as to the claims against individual defendants and as to plaintiff's purported claims under Conn. Gen. Stat. §46a-58(a).

In light of the plaintiff's *pro se* status, the dismissal

---

[7]The defendants also argue that plaintiff failed to allege exhaustion of his administrative remedies.  In response to this argument, the plaintiff filed what appears to be a right-to-sue letter (doc. #12, ex. 1).  The district judge need not reach the exhaustion argument if he accepts the recommendation of the magistrate judge that the case should be dismissed for the reasons set forth above.

should be without prejudice as to the claims against defendant Martin Rosol's Inc., and plaintiff should be granted an opportunity to amend his complaint by a date to be set by the district judge.

Any party may seek the district court's review of this recommendation.  See 28 U.S.C. § 636(b)(written objections to proposed findings and recommendations must be filed within fourteen days after service of same); Fed. R. Civ. P. 6 & 72; Rule 72.2 of the Local Rules for United States Magistrate Judges, United States District Court for the District of Connecticut; Thomas v. Arn, 474 U.S. 140, 155 (1985); Frank v. Johnson, 968 F.2d 298, 300(2d Cir. 1992).  Failure to timely object to a magistrate judge's report will preclude appellate review.  Small v. Sec'y of Health and Human Serv.s, 892 F.2d 15, 16 (2d Cir. 1989).

SO ORDERED at Hartford, Connecticut this 23rd day of June, 2010.

```
              _____/s/_____
              Donna F. Martinez
              United States Magistrate Judge
```